## BRASHEARS

*v.*

## METROPOLITAN LIFE INSURANCE COMPANY.

**LIFE INSURANCE, APPORTIONMENT OF AMONG BENEFICIARIES.**

Where a bill of interpleader was filed by a life insurance company, after the death of the insured, against his representatives, to determine the proper person or persons to whom the insurance money should be paid, the claims thereto being conflicting, and the testimony showed that the premiums on the policy had been paid in part by one of the daughters of the insured, during his life, and in part by his two other daughters, it was *held,* that, after payment of the taxable costs of the suit, the residue of the fund should be apportioned between the claimants in proportion to the amount of premiums paid by each.

No. 125. Submitted October 19, 1893.—Decided November 8, 1893.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia, holding an equity term, upon a bill of interpleader, directing the distribution of a fund. *Reversed.*

THE CASE is stated in the opinion.

*Mr. E. H. Thomas* for the appellants.

*Mr. Chase Roys* for the appellee.

The CHIEF JUSTICE delivered the opinion of the Court:

The question in this case arises between parties brought into court on a bill of interpleader, filed by the insurance company, in regard to money due on a policy of insurance effected on the life of James Kennelly, since deceased. The amount of the policy is only $120, and this amount is claimed on the one side by Catharine Brashears, one of the daughters of the deceased, and appellee on this appeal; and on the other side by Bridget and Margaret Kennelly, two other daughters of the deceased, who are the appellants. The case has evoked a considerable amount of conflicting and discrediting testimony among the sisters, who have not hesitated to accuse each other of very reprehensible conduct in regard to this insurance policy and the premium book.

It appears that at the instance of Catharine Brashears, then Catharine Kennelly, the policy of insurance was issued on the life of James Kennelly, the father, and that the daughter Catharine was named as beneficiary. She paid the weekly dues on the policy for some years; but owing to family dissensions she left home, and left behind her the policy and the premium book, which she asserts were surreptitiously taken possession of and withheld from her by her two sisters. This is denied by the sisters, though they say the policy and premium book came to their possession because their sister had left them behind her, and that they continued to pay the weekly dues down to the time of their father's death, in order to prevent the lapse of the policy. Upon the death of the father the contention arose as to who was entitled to or should receive the money due on the policy. This gave rise to the filing of the bill of interpleader.

It appears that the sum of eighty-one dollars was paid in premiums on the policy, and of this sum, according to the testimony on the part of the appellee, which we think may be accepted, Catharine Brashears paid the sum of $58; and the other two sisters, while the policy and premium book were in their possession, paid the sum of $23. The court below decreed the whole amount of the policy to Catharine Brashears, the appellee; and the other two sisters have appealed.

Upon careful examination of the very conflicting evidence, the best and most equitable disposition of the case that we can make is to apportion the fund, after paying therefrom the taxable costs of this suit, the one part to Catharine Brashears in proportion to the premiums paid by her, and the other part to the other two sisters, in proportion to the premiums paid by them. That is to say, that the remainder of the fund, after payment of costs, shall be divided in proportions according to the amount of premiums paid by the two contending parties. And to that end we shall reverse the decree appealed from, and remand the cause, that a decree may be entered in accordance with this opinion.

*Decree reversed and cause remanded.*